Mr. Justice Evans
delivered the opinion of the court.
The defendant entered into a recognizance, “ personally to appear before the next Coart ot Sessions,” to answer to a bill of indictment for an assault on one Cunningham. At the subsequent January term', he Was indicted. The bill was traversed by B. F. Hunt. At a subsequent term, viz. in October 1835, the Attorney General entered a nol pros, on the indictment, and gave out another. A motion was made on the part of the bail, Mr. Ker Boyce, to discharge him from liis liability, on the allegation that the defendant had performed the condition of the recognizance. This motion' was granted by Judge Bay, the presiding judge, and the question submitted to this court, is, whether that decision was right. The undertaking of the security, Boyce, was, that his principal should personally appear, and abide the final termination of the case. His traverse by an attorney is no more a performance of the undertaking, than an appearance or plea would be, in a civil action. But it seems to have been thought by the presiding judge, that the nol-pros, was an end of the case, as a nonsuit would be in a civil action. This is a mistake. In a civil case a non-suit vacates all the previous proceedings, and the plaintiff must begin do novo. In a criminal case, the party is brought into court by the warrant and recognizance. The indictment is one of the stages of the proceedings, and a discharge of that, by nol pros. does not impair the previous proceedings. It is competent, and every day’s practice, for the solicitor or attorney general, to enter & nol pros. on one indictment, and to prefer another ; and the effect of this is only to vary the form of the charge, and neither entitles the party to a discharge from custody, nor to have an exoneration entered on his recognizance. In actions for malicious prosecution, this question has frequently arisen, and it has been often held, that a nol pros, is not an end of the case, but that the attorney general may prefer a new bill. I am, therefore, of opinion that the circuit decision was wrong, and it is hereby ordered to be reversed.
JOSIAH J. EVANS.
We coneuiy
HENRY W. DESAUSSURE,
JOHN B. O’NEALE,
WM. HARPER,
B. J. EARLE.
A. P. BUTLER,